# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-9624-GW(JEMx) | Date | July 5, 2012 |
|---|---|---|---|
| Title | *Rosentene B. Purnell v. American Home Mortgage, Corp., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Pat Cuneo | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Penelope Bergman - by telephone | Nicholas G. Hood - by telephone |

PROCEEDINGS:   COUNSEL FOR PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF ROSENTENE B. PURNELL (filed 05/31/12)

Based on the Tentative issued on May 21, 2012 and for reasons stated on the record, Defendants' Motion to Dismiss Second Amended Complaint for Failure to State a Claim for Relief is **GRANTED/DENIED IN PART.** The Court rules as follows: 1) Plaintiffs' First and Sixth Claims are granted with leave to amend; 2) the Second, Fourth and Fifth Claims, are granted with leave to amend; 3) the Third Claim is denied. Defendants' Motion to Strike Portions of Second Amended Complaint is denied as to the attorney's fees and "malicious" issues, and the Court finds that the motion is moot as to the McDonnell Report. Defendants' request for judicial notice is granted.

The Tentative circulated and attached hereto as to Plaintiff's Motion to Withdraw, is adopted as the Court's final ruling. Plaintiffs' motion is **DENIED.** A status conference is set for **August 27, 2012 at 8:30 a.m.** Plaintiff will file a one-page status report as to plaintiff representative by noon on August 23, 2012.

|  | : | 05 |
|---|---|---|
|  | Initials of Preparer | JG |

*__Purnell v. Am. Home Mortgage Corp., et al.__*; Case No. CV-11-9624
Tentative Ruling on Motion to Withdraw as Counsel

## I. Background

Prosper Law Group LLP ("Prosper"), specifically attorney Penelope P. Bergman ("Ms. Bergman"), has been representing Plaintiff Rosatene B. Purnell ("Plaintiff" or "Ms. Purnell") in this action, and now seeks to withdraw as counsel.

In her Second Amended Complaint ("SAC"), Plaintiff brought the following claims against American Home Mortgage Corporation as the originating lender on her home loan, AHMSI as the mortgage servicer, Deutsche Bank as the purported beneficiary and assignee of her home loan, in the role of trustee for the Trust, and (newly joined in the SAC) Bank of America, N.A. as "purported investor and rival claimant": 1) Declaratory Relief (28 U.S.C. §§ 2201, 2202); 2) Quasi Contract; 3) Violation of 15 U.S.C. § 1641(g); 4) Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"); 5) Breach of Contract; 6) Violation of Cal. Civ. P. Code § 2924 (Section 2924). *See generally* SAC, Docket No. 26.

Defendants moved to dismiss and strike portions of the SAC. Docket Nos. 27 and 28. On May 21, 2012, this Court issued a tentative ruling granting the motions in part, but has not yet issued a final order on the motion. *See* Docket No. 34.

## II. Legal Standard

Pursuant to Local Rule 83-2.9.2.1, "[a]n attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.9.2.1.

"The moving papers must disclose adequate grounds for excusing counsel from further representation in the particular case." Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial ("Schwarzer & Tashima") (2010) § 12:190, at 12-66.4. Generally, courts examine state rules of professional conduct to determine whether withdrawal is appropriate. *See, e.g., Nedbank Int'l, Ltd. v. Xero Mobile, Inc.*, No. CV 07-6594 PSG (AGRx), 2008 U.S. Dist. LEXIS 110493, at *2-3 (C.D. Cal. Oct. 30, 2008); Schwarzer & Tashima § 12:192, at 12-66.4. Courts also often weigh four factors in determining how to exercise their discretion in connection with motions to withdraw as counsel: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Nedbank*, 2008 U.S. Dist. LEXIS 110493, at *3. In addition, "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." L.R. 83-2.9.2.4. The decision to grant or deny a motion to withdraw as counsel for a party is within the Court's discretion. *See Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. CV 09-3200 PSG (VBKx), 2009 U.S. Dist. LEXIS 69618, at *2 (C.D. Cal. June 28, 2009). Upon consideration of these factors, the Court would find that withdrawal at this time is unwarranted.

-1-

## II. Analysis

### A. Prosper's Contentions in Support of Withdrawal

Prosper's May 31, 2012 motion sought to withdraw on account of "non-payment of fees and a complete breakdown in communication" between the firm and Ms. Purnell. Docket No. 36 at 3. The motion then states conclusorily that the withdrawal would be consistent with the California Rules of Professional Conduct, without specifying which rules with which it purports to comply.[1] Without specifying when or in what fashion, Ms. Bergman merely testifies in a declaration accompanying the motion that she gave "due notice" to Ms. Purnell of the withdrawal. The motion also contends that Plaintiff will suffer no prejudice due to the withdrawal, as the only date then currently pending was a non-appearance scheduling conference set for June 7, 2012. Prosper's June 18, 2012 filing with the Court provided three further details. First, Defendants do not oppose the motion to withdraw. Docket No. 37 at 2. Second, Plaintiff passed away around May 18, 2012. *Id.* Third, the Prosper Law Group is dissolving and will be shutting its doors as of June 30, 2012. *Id.*

### B. Withdrawal is Unwarranted

As an initial matter, Prosper has not represented that it provided *written* notice to Ms. Purnell (or her estate) of the proposed withdrawal, and thus has not met the procedural requirements of Local Rule 83-2.9.2.1. In addition, the four factors referenced above do not, taken as a whole, militate in favor of permitting withdrawal. As to the first factor, "the reasons why withdrawal is sought," the reasons withdrawal was originally sought, namely non-payment of fees and lack of communication from the client, are now explained, somewhat tragically, by Ms. Purnell's death; Prosper has not referenced any attempts to contact the estate's executor regarding either payment or litigation strategy (or, for that matter, any other topic). The Court would decline to assume that the estate would be unable or unwilling to pay the fees and/or move forward with the litigation. The second factor, prejudice to other litigants, weighs in Prosper's favor, as Defendants do not oppose the motion. The third factor is the harm withdrawal might cause to the administration of justice; while the Court indicated that Defendants' motion to dismiss would likely be granted in part (though has not yet so ruled), at least some causes of action will likely survive the motion to dismiss unscathed.[2] Thus Ms. Purnell's estate could proceed with the case, and in doing so will presumably require counsel, given that the case involves the intricacies of foreclosure-related documents and statutes. As to the fourth and last factor, the degree to which withdrawal will delay the resolution of the case, it seems that permitting Prosper to withdraw would severely hinder the progress of this case towards any kind of resolution. Prosper's motion is unhelpful in this regard, noting merely that there is no trial

---

[1] Prosper likely intended to reference Rule 3-700(C), which provides certain grounds for withdrawal, including that counsel of record "believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of . . . good cause for withdrawal." Cal. Rules of Prof'l Conduct 3-7000(C)(6).

[2] The tentative ruling circulated at the May 21, 2012 hearing indicated that the Court would deny Defendants' motion to dismiss the Truth in Lending Act ("TILA") claim, and would only dismiss *without* prejudice (albeit on a limited basis as to what Plaintiff might plead) the UCL, contract, and quasi-contract claims. *See generally* Docket No. 27.

date set in the case and for that reason counsel's withdrawal will not cause any delay in its prosecution; the Court would not adopt such a myopic view of what circumstances constitute delay. *See* Docket No. 36 at 3. In the absence of any representation on the part of Plaintiff's estate, the Court would presumably be left to seek out the estate's executor, and guide the executor through the litigation process. In contrast, if *Prosper* were to confer with the estate and either voluntarily dismiss the case or decide to retain substitute counsel and proceed with the litigation, the case could continue almost without interruption.

One important matter about which Prosper has failed to provide any briefing is whether the estate of a decedent may be represented by an executor proceeding *pro se*, or whether an attorney is required. The Court's independent research disclosed that while there is little Ninth Circuit guidance on the issue, at least one district court in the Circuit held, following Second Circuit[3] authority, that an executor may only proceed *pro se* in litigating the claims of the estate if she is the only beneficiary of the estate. *See McCurdy v. Cambridge School Dist. No. 432*, No. 1:10–CV–150–BLW, 2010 U.S. Dist. LEXIS 119464, at *7-8 (D. Idaho Nov. 8, 2010) (" if [the executor] is the sole beneficiary of the Estate, he essentially brings his own claims on his own behalf [in proceeding pro se on behalf of the estate]. And if they are his claims, the policy consideration of individual choice supports his right to appear on his own behalf and outweigh the dangers of lay lawyering."); *see also O'Connor v. Boeing N. Am., Inc.*, Nos. CV 97-1554 DT (RCx) et al., 2005 U.S. Dist. LEXIS 46234, at *32 (C.D. Cal. Feb. 7, 2005) (referring in dicta to "wrongful death and estate claimants who are proceeding in pro per"). Thus it appears to be at least possible that the executor of Ms. Purnell's estate could proceed *pro se* if the Court were to allow Prosper to withdraw, though the Court at present has been provided with no information as to 1) who is serving as executor of Ms. Purnell's estate, 2) whether that person is the sole beneficiary thereof, and 3) whether that person has any intention of proceeding *pro se*, or, paying Prosper (or more properly, its successor) to continue to litigate the case. These matters would all be discussed with the parties at the July 5, 2012 hearing.

### III. Conclusion

Prosper's motion to withdraw would be DENIED at the present time. The Court would, however, permit Ms. Bergman to renew her motion once the executor of Ms. Purnell's estate has been contacted and has decided whether to proceed with litigating this case, and if so, once substitute counsel has been obtained if necessary.[4]

---

[3] The *McCurdy* court also noted "[t]he Third and Seventh Circuits have left the question open as to whether pro se representation of an estate is appropriate. The Fourth, Sixth, and Eighth Circuits have implied that pro se representation is only appropriate when an estate has no other beneficiaries or creditors, but have not held that point expressly." *McCurdy*, 2010 U.S. Dist. LEXIS 119464, at *7 n.2.

[4] The Court would note that Prosper filed a motion withdraw in another foreclosure-related case in this district,, and Judge Wright took a similar stance on the matter. *See generally Kazovsky v. Metrocities Mortgage, LLC, et al.*, CV 11-6079-ODW-FMO, Docket No. 83.